IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR139 |
| v. | |
| PAW MOO, | PRELIMINARY ORDER OF FORFEITURE |
| Defendant. | |

This matter is before the Court on the government's Motion for Preliminary Order of Forfeiture (Filing No. 23). The Court has carefully reviewed the record in this case and finds as follows:

1. On September 15, 2021, defendant Paw Moo ("Moo") pleaded guilty to Count I of the Indictment (Filing No. 1) and admitted the Forfeiture Allegation of the Indictment. Count I charged Moo with trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320(a)(1).

2. The Forfeiture Allegation sought forfeiture, pursuant to 18 U.S.C. § 2323 and 21 U.S.C. § 853, of certain counterfeit property ("Property"). That Property includes:

   a. Handbags: Louis Vuitton (46); Michael Kors (14); Chanel (19), Coach (1); Gucci (9); Yves St. Laurent (25);

   b. Belts: Louis Vuitton (1); Gucci (1);

   c. Phone cases: Louis Vuitton (31);

   d. Wallet: Gucci (1);

   e. Sweatshirts/sweatpants: Nike (26); Puma (18); Champion (19); Adidas (14);

   f. T-Shirt(s): Chanel (1); and

      g.      Blanket(s): Louis Vuitton (1); Chanel (1).

This Property was seized because it carried counterfeit marks and was likely to cause confusion, to cause mistake, and to deceive in connection with such violation.

3.      Based on Moo's guilty plea and admission, Moo forfeits his interest in the Property, and the government should be entitled to possession of that Property pursuant to 18 U.S.C. § 2323 and 21 U.S.C. § 853.

4.      The government's Motion for Preliminary Order of Forfeiture should be granted.

IT IS ORDERED:

1. The government's Motion for Preliminary Order of Forfeiture (Filing No. 23) is granted.
2. Based upon the Forfeiture Allegation of the Indictment (Filing No. 1) and Moo's guilty plea and admission, the government is hereby authorized to seize the Property.
3. Moo's interest in the Property is hereby forfeited to the government for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).
4. The Property is to be held by the government in its secure custody and control.
5. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish for at least thirty consecutive days on an official internet government forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture, notice of publication evidencing the government's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than Moo, having or claiming a legal interest in any of the subject property must file a Petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.
6. The published notice shall state the Petition referred to in Paragraph 5, above, shall be for a hearing to adjudicate the validity of the Petitioner's interest in the Property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title, or interest

      in the Property and any additional facts supporting the Petitioner's claim and the relief sought.

7. The government may also, to the extent practicable, provide direct written notice to any person known to have an interest in the Property as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 29th day of September 2021.

                                                    BY THE COURT:

                                                    Robert F. Rossiter, Jr.
                                                    Chief United States District Judge